**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 97-10717
(Summary Calendar)
_____

GLENN BROWN AND HENRIETTA MILLER,

Plaintiffs-Appellants,

versus

BUILDERS TRANSPORT INC.
AND EDDIE HILL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(95-CV-376)
_____

February 26, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Glenn Brown and Henrietta Miller (Plaintiffs) appeal the district court's grant of summary judgment in favor of Defendant-Appellee Builders Transport Inc. (BTI), holding that BTI was not liable for injuries sustained by Plaintiffs in an automobile accident caused by Eddie Hill, an employee of BTI. Plaintiffs assert that the district court erred in holding that Plaintiffs presented no genuine issues of material fact regarding BTI's vicarious liability and its liability for

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

negligent supervision and negligent entrustment. Plaintiffs also claim that the district court erred in concluding that Hill was not a permissive user of a BTI truck. Finding no merit in any of these arguments, we affirm.

I

FACTS AND PROCEEDINGS

This litigation stems from an automobile collision which occurred in the early morning hours of May 8, 1993 in Dallas, Texas. The summary judgment evidence shows that on May 7, Hill was instructed by a BTI dispatcher at its West Memphis, Arkansas terminal to take a flat-bed trailer load of steel from Jewett, Texas to Savannah, Georgia. At approximately 10:00 p.m., Hill contacted the terminal to advise dispatch that he was departing Jewett for Savannah. Instead of taking his scheduled route, Hill drove to Dallas, leading officers of the Texas Department of Public Safety (DPS) on a high-speed chase, and at times driving the wrong way on major streets and highways. At approximately 2:25 a.m. on the morning of May 8, Hill —— still fleeing from DPS —— drove across a median and struck the car containing Plaintiffs. Continuing to evade DPS, Hill proceeded eastbound on a westbound ramp and collided with another vehicle. Finally, after DPS fired shots at Hill's truck, he crashed into a median wall. He was arrested and jailed for evading arrest and suspicion of driving while intoxicated. He was subsequently determined to have been insane at the time of the accident. The BTI dispatcher did not

2

learn that Hill was not travelling to Savannah until the morning of May 8, after the collision.

Plaintiffs filed suit in Texas state court, alleging that BTI was (1) vicariously liable for Hill's actions, (2) liable for its own negligent hiring, supervision, and training of Hill, and (3) liable for negligent entrustment. BTI removed the case to federal district court based on diversity jurisdiction. In July 1996, BTI filed a motion for summary judgment. Plaintiffs filed a response, and attached as summary judgment evidence (1) the parties' joint status report and proposed discovery plan, (2) Plaintiffs' responses to the interrogatories propounded by BTI, (3) the deposition testimony of appellant Brown, (4) police reports from the accident, (5) Hill's employment records at BTI, and (6) the handwritten notes of Dr. James Grigson, a psychiatrist who examined Hill on October 8, 1993.[1] Plaintiffs failed, however, to set forth the disputed facts upon which their response relied, in contravention of Local Rule 5.2(a) of the Northern District of

---

[1]Dr. Grigson's handwritten notes of the interview —— in his own shorthand —— are illegible, and Plaintiffs did not supply a transcription of the notes until January 13, 1997, after the district court had already ruled on the summary judgment motion and Plaintiffs had filed their motion for reconsideration. That transcription, in sum, recounts Hill's statement that on the night of the accident, he was extremely fatigued and paranoid. In addition, Hill states that he called the BTI dispatcher several times that night because he was afraid he was being followed and did not trust the police. Dr. Grigson concluded that Hill was insane at the time of the accident.

Texas.[2]  The district court granted the motion in its entirety.
After Plaintiffs' "Motion for Reconsideration, Motion to Modify and
Motion for New Trial" was denied, they timely appealed.[3]

II

ANALYSIS

A.  Standard of Review

We review a district court's grant of summary judgment de
novo, applying the same standard as did the district court.[4]
Summary judgment is appropriate if "the pleadings, depositions,
answers to interrogatories, and admissions on file, together with
the affidavits, if any, show that there is no genuine issue as to
any material fact and that the moving party is entitled to judgment
as a matter of law."[5]  The moving party satisfies its burden by
pointing out the lack of evidence to support the nonmoving party's
case.[6]  To defeat a motion for summary judgment, the nonmoving
party must direct the court's attention to admissible evidence in

---

[2]Local Rule 5.2(a) provided, in relevant part, that "[t]he
response to a motion for summary judgment shall list in numerical
order (i) the disputed facts upon which the response relies and
(ii) the issues of law."  This rule is now embodied in Rule 56.1(b)
of the Local Civil Rules of the Northern District of Texas.

[3]Plaintiffs obtained a default judgment against Hill in
December 1996.

[4]Stults v. Conoco, Inc., 76 F.3d 651, 654 (5th Cir. 1996).

[5]Fed. R. Civ. P. 56(c).

[6]Conticommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th
Cir. 1995), cert. denied, 116 S. Ct. 1318 (1996).

4

the record which demonstrates that it can satisfy a "fair-minded jury" that it is entitled to a verdict in its favor.[7] At this stage, conclusional allegations in pleadings are insufficient; the nonmovant must identify specific evidence in the record and articulate the precise manner in which that evidence supported his claim.[8] For purposes of the summary judgment determination, all fact questions are viewed in the light most favorable to the nonmovant.[9]

B.  Vicarious Liability

Plaintiffs maintain that BTI is vicariously liable for the negligence of Hill, its employee.  Under Texas law, "to render the master liable for an act of his servant, the act must be committed within the scope of the general authority of the servant in furtherance of the master's business and for the accomplishment of the object for which the servant is employed."[10] "When it is proved that [a] vehicle involved in an accident was owned by the defendant and the driver was an employee of the defendant, 'a presumption arises that the driver was acting within the scope of his

---

[7]International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992).

[8]Conticommodity Servs., 63 F.3d at 441; International Shortstop, 939 F.2d at 1263.

[9]Hassan v. Lubbock Indep. Sch. Dist., 55 F.3d 1075, 1079 (5th Cir.), cert. denied, 116 S. Ct. 532 (1995).

[10]Robertson Tank Lines, Inc. v. Van Cleave, 468 S.W.2d 354, 357 (Tex. 1971).

5

employment when the accident occurred.'"[11]  If it is unrefuted, this presumption prevails.[12]  The presumption vanishes, however, when positive evidence is introduced that the employee was not acting within the course and scope of his employment at the time of the collision.[13]  At that point, "the burden is on the plaintiff to produce other evidence that the driver was in the course and scope of his employment."[14]

BTI does not dispute that the presumption is applicable in this case.  It asserts —— and we agree —— that it rebutted that presumption through competent summary judgment evidence, showing that (1) Hill was instructed to take a load of steel from Jewett, Texas to Savannah, Georgia; (2) Dallas was not on the scheduled route; and (3) BTI officials were not aware until after the accident that Hill was driving to Dallas instead of Savannah.  In addition, Hill led DPS officials on a high speed chase, another deviation from the rules of his employment.  This evidence is sufficient to rebut the presumption that Hill was acting in the course of his employment.[15]

---

[11]J&C Drilling Co. v. Salaiz, 866 S.W.2d 632, 636-7 (Tex. App. —— San Antonio 1993, no writ) (quoting Robertson Tank Lines, 468 S.W.2d at 357).

[12]Id. at 637.

[13]Id.

[14]Id.

[15]See Robertson Tank Lines, 756 S.W.2d at 357-60 (employee who drove eight miles in opposite direction from employer's destination

In contrast, Plaintiffs produced no evidence in their response to BTI's summary judgment motion that Hill was acting within the scope of his employment with BTI. Noting that BTI's guidelines instruct its drivers to take the most direct safe route, Plaintiffs urge us to take judicial notice that (1) there are three possible interstate routes from Jewett to Savannah, (2) Dallas lies on two of these routes, and (3) the distances for these routes are similar. They also assert that travelling on interstate highways is much safer than driving on state highways. In essence, Plaintiffs now argue —— for the first time on appeal —— that Dallas was on a direct safe route to Savannah. They contend that Dr. Grigson's notes establish that Hill was already travelling this route when he became paranoid, and thus was acting within the course and scope of his employment with BTI.

Plaintiffs have waited too long to establish this claim. In their response to BTI's summary judgment motion, Plaintiffs did not set forth the disputed facts upon which their response relied, as required by Local Rule 5.2(a). The district court concluded that this failure alone required it to accept BTI's facts as

---

and spent hours visiting "various beer joints, lounges and saloons" had deviated from scope of employment); Drooker v. Saeilo Motors, 756 S.W.2d 394, 397-8 (Tex. App. —— Houston [1st Dist.] 1988, writ denied) (employee not in course and scope of employment when travelling to dinner); Mitchell v. Ellis, 374 S.W.2d 333, 335-6 (Tex. Civ. App. —— Fort Worth, 1964, writ ref'd) (presumption rebutted where evidence showed that employee driving employer's truck had pulled truck over on shoulder to purchase cigarettes for his own use).

undisputed.[16]  In any event, it is well-settled that "[o]n a motion for summary judgment, the opponent bears the burden of establishing that there are genuine issues of material fact, and may not wait until . . . appeal to develop claims or defenses in response to the summary judgment motion."[17]  Furthermore, "we have rejected the assumption 'that the entire record in the case must be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered.'"[18]  Instead, the nonmoving party must "designate 'specific facts showing that there is a genuine issue for trial.'"[19]  Albeit Rule 201(f) of the Federal Rules of Evidence allows a court to take judicial notice at any stage of a proceeding, including on appeal,[20] we refuse to take notice of these "facts," which were available to Plaintiffs during the pendency of the summary judgment motion.[21]  Consequently, we conclude that there

---

[16]See EEOC v. American Airlines, Inc., 835 F. Supp. 911, 913 n.3 (N.D. Tex. 1993), aff'd, 48 F.3d 164 (5th Cir. 1995).

[17]C.F. Dahlberg & Co. v. Chevron U.S.A., Inc., 836 F.2d 915, 920 (5th Cir. 1988).  In the absence of exceptional circumstances, "questions not presented to the trial court will not be considered on appeal."  Id.

[18]Savers Fed. Savings & Loan Ass'n v. Reetz, 888 F.2d 1497, 1501 (5th Cir. 1989) (quoting Nossho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1307 (5th Cir. 1988)).

[19]Id. (quoting Fed. R. Civ. P. 56(e)).

[20]See Fed. R. Evid. 201 (f) and Advisory Committee's Note; see also In re Indian Palms Assocs., Ltd., 61 F.3d 197, 205 (3d Cir. 1995).

[21]See Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088 (1990) ("[W]e decline to add to the

is no genuine issue of material fact regarding BTI's vicarious liability, and the district court did not err in awarding summary judgment on this claim.

C.    Negligent Supervision and Negligent Entrustment

Next, Plaintiffs argue that the district court erred in holding that they presented no genuine issue of material fact as to BTI's negligent supervision of Hill.  Plaintiffs maintain that an employer who exercises control over its employee has a duty to act prudently to prevent that employee from causing an unreasonable risk of harm.[22]    Part of BTI's duty in this regard, contend Plaintiffs, is to refrain from using drivers who are fatigued, intoxicated, or otherwise have a diminished capacity to drive safely on public highways.[23]   Plaintiffs claim that Dr. Grigson's notes show that Hill was extremely fatigued at the time BTI

_____

record through judicial notice evidence that was never presented to the district court."); Kemlon Products & Dev. Co. v. United States, 646 F.2d 223, 224 (5th Cir.), cert. denied, 454 U.S. 863 (1981) ("A court of appeals will not ordinarily enlarge the record on appeal to include material not before the district court. . . . [W]e conclude that it would be inappropriate in this case to take judicial notice of the extrarecord facts . . . ."); see also United States v. Glass, 744 F.2d 460, 461 (5th Cir. 1984); Melong v. Micronesian Claims Comm'n, 643 F.2d 10, 12 n.5 (D.C. Cir. 1980) ("Judicial notice was never intended to permit such a widespread introduction of substantive evidence at the appellate level, particularly when there has been absolutely no showing of special prejudice or need."); Zell v. Jacoby-Bender, Inc., 542 F.2d 34, 38 (7th Cir. 1976).

[22]See Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525-6 (Tex. 1990).

[23]See Otis Eng'g Corp. v. Clark, 668 S.W.2d 307, 309-11 (Tex. 1983); J&C Drilling Co., 866 S.W.2d at 639.

instructed him to drive from Jewett to Savannah, and insist that BTI's dispatch of Hill when he was so fatigued violated its duty toward others on the public highways.

Unfortunately for Plaintiffs, they again failed to designate any of these facts in their response to BTI's summary judgment motion. As previously discussed, the district court had no obligation to search the entire record to find support for Plaintiffs' contentions.[24] Moreover, Plaintiffs directed the court's attention to no evidence that BTI knew that Hill was suffering from sleep deprivation or fatigue, either in their reply or even in their motion for reconsideration.[25] None of the competent evidence before the district court indicated that Hill was suffering from paranoia when he called in to say that he was departing for Savannah. Accordingly, we reach the same conclusion as the district court that Plaintiffs adduced insufficient evidence to present a genuine issue of material fact regarding BTI's negligent supervision of Hill.

Plaintiffs' negligent entrustment claim fails for this same reason. Under Texas law, the elements of negligent entrustment

---

[24]See Savers Fed. Savings & Loan Ass'n, 888 F.2d at 1501. Further, Plaintiffs did not supply a legible transcription of Dr. Grigson's notes until after Plaintiffs' motion for reconsideration.

[25]See Estate of Catlin v. General Motors Corp., 936 S.W.2d 447, 451 (Tex. App. —— Houston [14th Dist.] 1996, n.w.h.) ("Texas courts of appeals and the supreme court have shown an unwillingness to enlarge the duty established in Otis to include situations where the employer either had no knowledge of the employee's condition or did not exercise control over the employee.").

10

are: "(1) entrustment of the vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known was unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence was the proximate cause of the accident."[26]   The district court concluded that Plaintiffs' negligent entrustment claim failed "because, at the time the company truck was entrusted to Hill, BTI did not know, and had no reason to know, that Hill was incompetent or reckless."  As we have already found that Plaintiffs did not present sufficient evidence in their reply to the summary judgment motion to show that BTI knew of Hill's fatigue or incompetence, we likewise find no error in the district court's conclusion regarding negligent entrustment —— which is the same as ours.

D.   Permissive Use

In its summary judgment motion, BTI prayed for —— and the district court granted —— judgment that (1) as BTI is self-insured under 49 C.F.R. § 1043, there is no policy of insurance and thus no omnibus insured clause on which Plaintiffs can rely for purposes of establishing additional insured status for Hill; and (2) even if the doctrine applied, and Hill was initially a permissive user, permission was destroyed by his deviation.  On appeal, Plaintiffs complain that they never raised the issue of insurance in any of

---

[26]Drooker, 756 S.W.2d at 398-9.

their pleadings, and thus this issue was not properly before the district court. Plaintiffs have waived this complaint, however, because — despite the fact that they had notice of BTI's plea for judgment on the permissive use issue — they never even mentioned, much less argued, this point in their response to the motion for summary judgment.[27] That Plaintiffs subsequently raised the matter "in the district court by a motion to reconsider the summary judgment [does] not suffice to save the day for [them]."[28] Based on the competent summary judgment evidence that was presented to the district court, we agree that, even if Hill was initially a permissive user of the BTI vehicle, permission evaporated with his deviation.[29] Accordingly, we conclude that the district court did not err in holding that BTI is not liable under the permissive use doctrine.

### III

### CONCLUSION

Our de novo review satisfies us that the judgment of the district court should be and therefore is, in all respects,

---

[27]See Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 960 (9th Cir. 1994); Wiley v. United States, 20 F.3d 222, 226 (6th Cir. 1994); Savers Fed. Savings & Loan Ass'n, 888 F.2d at 1501.

[28]Savers Fed. Savings & Loan Ass'n, 888 F.2d at 1501; see also Jorge Rivera Surillo & Co. v. Falconer Glass Indus., 37 F.3d 25, 29 (1st Cir. 1994) (stating that a motion for reconsideration "is not appropriately used to present new issues or evidence").

[29]See Coronado v. Employers' Nat'l Ins. Co., 596 S.W.2d 502, 506 (Tex. 1979); James v. Vigilant Ins. Co., 674 S.W.2d 925, 927-8 (Tex. App. — Amarillo 1984, writ ref'd n.r.e.).

12

AFFIRMED.